IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Donald Murray, #271995, ) | Civil Action No. 6:05-1706-CMC-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Colie Rushton, Warden; and ) | |
| State of South Carolina, ) | |
| ) | |
| Respondents. ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined at the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Lexington County. The Lexington County Grand Jury indicted the petitioner at the August 1999 term of court for second degree burglary (99-GS-32-3447) and grand larceny (99-GS-32-3452). The petitioner was also indicted at the September 2000 term of the Lexington County Grand Jury for safecracking (00-GS-32-4213). Attorney Michael R. Jeffcoat represented him. The petitioner proceeded to trial on January 9 , 2001, before the Honorable J.C. Nicholson, Jr., and a jury. On January 10,

2001, the petitioner was found guilty as charged.  Judge Nicholson sentenced the petitioner to confinement for 15 years suspended to 12 years for second degree burglary, five years suspended to one year for grand larceny, and 30 years suspended to 15 and $1,500 restitution for safecracking.  The sentences were to run consecutive to each other for an aggregate 28-year incarcerative term.  The petitioner did not appeal his conviction or sentences in a timely manner.  On March 6 , 2001, the South Carolina Court of Appeals issued an order of dismissal due to the "failure of Appellant to provide proof of service of the Notice of Appeal on opposing counsel, as provided for in Rule 203(b)(2) of the South Carolina Appellate Court Rules."  (App. p. 363).

The petitioner filed a state application for post-conviction relief ("APCR") on February 27, 2002 (02-CP-32-688).  In his APCR, the petitioner asserted the following claims (verbatim):

> (1)    Ineffective assistance of counsel, errors made of the presentment of evidence that was not part of motion of discovery, errors made in admission of evidence with no establishment of chain of custody, and indictment was never filed with clerk of court, which all matters above are subject matter jurisdiction issues.

> (2)    Facts will show that attorney fail to comply with rules by refusing to file notice of intent for appeal.

The State made its return on November 18, 2002.  On August 27 , 2003, an evidentiary hearing in the petitioner's APCR was held before the Honorable Marc H. Westbrook.  The petitioner testified on his own behalf.  The State called trial counsel Michael Jeffcoat to testify.  On September 29 , 2003, Judge Westbrook filed an order dismissing the APCR with prejudice.  The petitioner timely served and filed a notice of appeal to the Supreme Court of South Carolina.

On certiorari, the petitioner was represented by Assistant Appellate Defender Eleanor Duffy Cleary.  On May 14 2004, a *Johnson* petition for writ of certiorari and petition

2

to be relieved as counsel was filed in the South Carolina Supreme Court, raising the following question for review:

> Whether the PCR court erred in finding that petitioner was not entitled to a belated direct appeal from his conviction where petitioner demonstrated that he advised his attorney of his desire to appeal and where he attempted to file his own notice of appeal and where he was not assisted by trial counsel when the Court of Appeals sent notice that the notice of intent to appeal must be served on opposing counsel?

On January 20 , 2005, the Supreme Court of South Carolina denied certiorari and granted counsel's request to withdraw. The Supreme Court of South Carolina sent the remittitur to the Lexington County Clerk of Court on February 7 , 2005.

In his *pro se* petition now before this court, the petitioner raises the following grounds (verbatim):

> **Ground One:**  Denial of right to appeal.
>
> On January 10 , 2001, after my conviction and sentence, I immediately told my attorney to file notice of appeal. (He refused to do so).
>
> **Ground Two:**  Ineffective assistance of counsel.
>
> Trial attorney failed to properly investigate evidence that was tampered with and destroyed at crime scene by police office. No chain of custody, and attorney did not prepare any trial strategy, and attorney did not advise me of my appeal rights and he refused to file notice of appeal."
>
> **Ground Three:**  Subject matter jurisdiction.
>
> Never received an arrest warrant or indictment on one of the charges. Never true-bill/no file by clerk of court, and sole police office[r] as state witness before the Grand Jury.

On September 14, 2005, the respondents filed a motion for summary judgment. By order of this court filed September 16, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal

3

procedure and the possible consequences if he failed to respond adequately.    The petitioner filed his response to the motion on September 29, 2005.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d) provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

4

the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.


## ANALYSIS

The petitioner first alleges that he told his trial counsel immediately after trial that he wanted to appeal his conviction and sentence, and his attorney refused to file a notice of appeal.  At the PCR hearing, the petitioner testified that his trial counsel told him immediately after the verdict and sentence that he could appeal, and he told counsel "you can go ahead and file my appeal now at this time" (app. 323).  The trial counsel testified at the PCR hearing as follows:

Absolutely [I explained that I would file an appeal if he wanted me to file one].  That was the conversation that we had in that room over there.  What the good news, bad news was we did have a conversation along those times.  What I told him was the good news was that he could file an appeal.  But the bad news was that if he did so, the State would prosecute him on the seven other burglary seconds, the three petit larcenies, and the one additional grand larceny.  So that was the good news and the bad news. . . .  But we spent a few minutes in there, and he said he didn't want to appeal.

(App. 341-42).  The petitioner's trial counsel further testified that the petitioner appeared to understand the conversation (app. 342).   The PCR court found that the petitioner

5

affirmatively told counsel that he did not want to file a direct appeal (app. 367; *see* app.

343). The court further found as follows:

> Later, after informing counsel that he did not want him to file a direct appeal, the Applicant attempt[ed] to initiate an appeal *pro se*, instead of attempting to contact counsel. Unfortunately, he did not properly file and serve his notice of appeal, and it was ultimately dismissed. This Court finds that the dismissal of the Applicant's direct appeal is attributable solely to the Applicant's ill-fated, voluntary decision to forego counsel's assistance in filing the appeal and his attempt to proceed on his own.

(App. 368). The petitioner has failed to show that this decision was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding. Accordingly, the claim fails.

Next, the petitioner alleges that his trial counsel was ineffective for failing "to

properly investigate evidence that was tampered with and destroyed at crime scene by

police office." He also alleges that his trial counsel failed to object to the introduction of

photographs of videotapes due to a break in the chain of custody. He further claims that

his counsel did not prepare a trial strategy and refused to file a notice of appeal.

Claims of ineffective assistance of counsel are governed by the two-part test

established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must

show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the

petitioner "must show that counsel's representation fell below an objective standard of

reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient

performance actually prejudiced him. Review of counsel's performance is "highly

deferential." *Id.* at 689.

Trial counsel testified that there was no tampering of a videotape by the

police. He explained that there was more than one photograph of videotapes, which were

from the business that was burgled, presented at trial, and one was of a broken videotape

on which the petitioner's fingerprints were found. He further indicated that he explained to

6

the petitioner that there was no tampering with a videotape (app. 345-46). The trial counsel testified that he looked at the possibility of a chain of custody issue, but he found no gaps in the chain of custody (app. 347).

The PCR court found as follows:

> This court finds no break in the chain of custody. Therefore, counsel need not have objected. Even had counsel made such an objection and this evidence had been excluded, there is no reasonable probability the outcome of his trial would have been different. There were footprints consistent with shoes that had been identified as his shoes inside the store that was robbed. The Applicant's fingerprints were on pieces of a videotape that was identified as coming from the store's video surveillance equipment. The Applicant had no alibi and could only tell counsel that he was walking around Batesburg-Leesville on the night the store was robbed, having been dropped off in town by a prosecution witness. There was overwhelming evidence of his guilt, exclusive of the photographs.

(App. 367). This decision was not contrary to clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The petitioner's claim that his trial counsel did not prepare a trial strategy was not presented at the PCR hearing, and it was not ruled upon by the PCR court. If a petitioner before a federal district court fails to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The petitioner has failed to make such a showing. Accordingly, the claim is procedurally barred from review.

The petitioner also argues that his trial counsel was ineffective failing to file an appeal. In *Frazer v. South Carolina*, 430 F.3d 696, 707(4th Cir. 2005), the Fourth Circuit Court of Appeals noted that under *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), a court must conduct a three-step inquiry when faced with a claim that counsel rendered ineffective assistance in failing to consult with the defendant regarding an appeal. The threshold consideration is whether the petitioner "independently decided whether to appeal and communicated that decision to counsel." *Id.* at 707-708 (citing *Flores-Ortega*, 528 U.S. at 478-79). Here, the PCR court found that the petitioner affirmatively told his trial counsel that he did *not* wish to appeal. The petitioner has failed to show that his trial counsel's performance was deficient. Accordingly, the claim fails.

In his third ground for relief, the petitioner alleges that the trial court did not have subject matter jurisdiction because the indictment was not true-billed and filed by the clerk of court, he did not receive an arrest warrant, and a single officer testified before the state grand jury. As argued by the respondents, no objection was made prior to the petitioner's trial as to the sufficiency of the indictment. *See State v. Gentry*, 610 S.E.2d 494, 499 n.6 (S.C. 2005) ("We note that a presentment of an indictment or a waiver of presentment is not needed to confer subject matter jurisdiction on the circuit court. However, an indictment is needed to give notice to the defendant of the charge(s) against him. . . . A defendant must object if he is not presented with the indictment or if he has not waived his right to presentment. If the defendant does not object, he is deemed to have waived his right to presentment."). Further, the petitioner's claim raises issues of state law involving interpretations of state statutes. Such a claim is not cognizable in a federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Poe v. Caspari*, 39 F.3d

8

204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law ..."). *See also Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960); *Chance v. Garrison*, 537 F.2d 1212, 1215 (4th Cir. 1976). Lastly, the petitioner has failed to show any evidence supporting his claims. Accordingly, the claims should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted and the petition be dismissed with prejudice.

s/William M. Catoe
United States Magistrate Judge

January 26, 2006

Greenville, South Carolina