IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Donald Murray, #271995, ) | C.A. No. 6:05-1706-CMC-WMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Colie Rushton, Warden; and State ) | |
| of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the court on Petitioner's *pro se* petition filed pursuant to 28 U.S.C. § 2254. Petitioner is currently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Lexington County.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation. On January 26, 2006, the Magistrate Judge issued a Report recommending Respondents' motion for summary judgment be granted. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on February 13, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner's objections are simply re-argument of the matters presented in his habeas corpus petition.[1]

---

[1]This petition is also time-barred under the one-year limitations period provided under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA). Under the AEDPA, the limitation period for § 2254 petitions runs from the latest of:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 27, 2006

---

28 U.S.C. § 2244(d)(1). Petitioner was convicted on January 10, 2001. He then filed an appeal to the South Carolina Court of Appeals, which was dismissed March 6, 2001. There is no evidence in the record when Petitioner filed his appeal with the South Carolina Court of Appeals, although it appears to have been outside the requisite ten-day period. *See* Appendix filed in support of Respondents' Motion for Summary Judgment filed September 14, 2005 [hereinafter "Appendix"] at 323-34, 342. However, the appeal's ultimate dismissal was, as correctly noted by the Magistrate Judge, for "failure of Appellant to provide proof of service of the Notice of Appeal on opposing counsel, as provided for in Rule 203(b)(2) of the South Carolina Appellate Court Rules, and as requested by letter [from the appellate court] dated January 31, 2001." Appendix at 363. Petitioner thereafter filed an application for Post-Conviction Relief (PCR) on February 27, 2002. This was 358 days after the dismissal of his direct appeal. An order dismissing Petitioner's PCR was filed September 29, 2003, and a timely Petition for Writ of Certiorari was thereafter filed with the South Carolina Supreme Court. The South Carolina Supreme Court denied the Petition by order filed January 20, 2005, with remittitur filed February 7, 2005. The writ of habeas corpus was filed in this court on May 31, 2005. This added an additional 113 days to the 358 which had already expired, for a total of 471 days.

Respondents did not make this argument, nor has Petitioner been alerted to the potential of this ground as reason for dismissal of this Petition. While it is evident to this court that the Petition is untimely, this is not the reason for this court's grant of summary judgment in this matter. *See Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002) (directing that habeas petitioner be given notice and opportunity to respond before dismissal on this ground).

3